## RALPH TAYLOR *vs.* CRATUS VAN DEUSEN.

The holder of an execution issued on a judgment against a principal debtor and two sureties may levy it on land of one of the sureties; and it is no objection to the validity of such levy, or to the maintenance of a writ of entry in the name of the judgment creditor to recover the land, that the levy was made at the request of the principal debtor and of the other surety, and of an assignee of the judgment, who purchased the rights of the judgment creditor with money furnished by the principal and the other surety.

WRIT OF ENTRY. Plea, nul disseizin. Trial before *Thomas*, J. who reported the case to the full court.

Each party claimed title under a levy of an execution issued upon a judgment in his favor against John C. Van Deusen, the former owner of the premises; but the tenant's attachment was earlier than the demandant's, in the suits in which these judgments were recovered. The demandant offered evidence tending to show that the judgment of the tenant was fraudulent and void as against the creditors of John C. Van Deusen.

The tenant, by leave of the presiding judge, then filed a specification of defence, in which he alleged that the demandant's judgment was recovered in an action on notes made by Jacob H. Van Deusen as principal and John C. Van Deusen and Isaac Van Deusen as sureties, in which property of all three defendants was attached; that after judgment and before levy, the plaintiff sold all his interest in the notes to Isaac Burghart, and that Burghart bought in collusion with Jacob H. Van Deusen and Isaac Van Deusen, and with money furnished by them, in order to enable Jacob to fulfil obligations, which he and others, including Isaac Van Deusen, had entered into, to convey the premises to Zadoc Rewee; that the real parties in interest in this case, as demandants, are Burghart, Jacob H. Van Deusen and Isaac Van Deusen; and that their objects, in having the levy made upon the premises, were to make a valid title to the same to Rewee, and to make the property of John C. Van Deusen pay the judgment, and to hinder, delay and defraud the defendant and other creditors of John. But the presiding judge ruled that the facts specified in defence, if proved, would not be an answer to the demandant's case.

The jury, under proper instructions as to what would prove the tenant's judgment to be fraudulent, returned a verdict for the demandant.

*J. Rockwell,* for the tenant.

*C. N. Emerson,* (*I. Sumner* with him,) for the demandant.

Bigelow, J. There can be no doubt of the rule of law, that a demandant in a real action cannot recover, if it is made to appear that the title under which he claims is fraudulent and void as to creditors, although the title of the tenant is liable to be impeached for the same cause. *Alexander* v. *Gould,* 1 Mass. 165. *Reed* v. *Davis,* 5 Pick. 388. It would have been competent therefore for the tenant, in order to defeat the present action, to have shown that the execution, on which the demandant's levy was made, was founded on a judgment, which was fraudulent and collusive as to the creditors of the original judgment debtor. But the difficulty with the tenant's defence is that the rule on which he relies is not applicable to the case which he sets out in his specification, assuming the truth of the facts therein stated. They fall short of showing any fraud or collusion which will invalidate the demandant's title under his levy. The judgment recovered against the original debtors is not impeached. Its validity is expressly admitted. When recovered, it was, with all its legal incidents, the property of the judgment creditor. He had the right to levy it on the person or estate of any of the judgment debtors, or to sell and assign it to a third person, with like authority and power to enforce it in his name, but to the use of such assignee. *Brown* v. *Maine Bank,* 11 Mass. 153. Nor can it be doubted that the judgment creditor or his assignee had the right to favor any party liable on the execution, that is, to elect against whom he would enforce it. Such being the legal incidents of a valid judgment and the rights of the parties thereto, it follows that they cannot be lost or destroyed, so long as the judgment remains in force, and the execution is unsatisfied.

The facts stated by the tenant in his specification show no payment or extinguishment of the judgment. On the contrary, the manifest purpose and intent of the parties were to

keep it in force, and levy it on the demanded premises. The transaction amounted to nothing more than a sale and assignment of the judgment and execution. They were still in force, and binding on all the judgment debtors. There was a valid judgment against them, for which each was liable, and it was the right of the creditor or his assignee to levy the execution upon the property of any one of them, without regard to any equities which might subsist between them, arising out of the right to contribution, or the liability of the principal to indemnify his sureties.

The assignment of the judgment did not in any way change or affect the rights of the judgment debtors themselves. The motive with which it was made was wholly immaterial to them It could make no difference by whom the execution was enforced, nor to whom it was paid by them. Their remedies, as between themselves, remained the same. The principal was liable to the sureties, and the sureties to each other, by whomsoever the execution was enforced. Nor does it at all change the aspect of the case, that the assignment was procured at the request and through the agency of the principal and one of the sureties There was nothing illegal or fraudulent in their acts. They did nothing more than to aid another to accomplish a lawful purpose in a lawful manner. *Judgment on the verdict.*